UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THC – ORANGE COUNTY, LLC d/b/a KINDRED HOSPITAL – ONTARIO,<br><br>Plaintiff,<br><br>v.<br><br>REGENCE BLUESHIELD OF IDAHO, INC.; CAMBIA HEALTH SOLUTIONS, INC.; WINCO HOLDINGS, INC.; WINCO HOLDINGS, INC. EMPLOYEE BENEFIT PLAN; and DOES 3 through 20, inclusive,<br><br>Defendants. | Case No. 1:24-cv-00154-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Kindred Hospital – Ontario's motion for limited discovery (Dkt. 49) and motion to take judicial notice (Dkt. 68). For the reasons set forth below, the Court will grant the motion for limited discovery and grant in part the motion to take judicial notice.

## BACKGROUND

A more complete factual background is laid out in the Court's previous

MEMORANDUM DECISION AND ORDER - 1

Memorandum Decision and Order. Dkt. 45. In short, Kindred Hospital, a long term acute care hospital in California, sued several defendants under ERISA for payment of benefits for its care of a patient. The patient was a member of Winco's Employee Benefit Plan—an ERISA plan sponsored and administered by Winco with Regence Blue Shield of Idaho as its contract administrator. Cambia Health Solution, another named defendant, is the parent company of Regence. Following the defendants' refusal to pay Kindred benefits in connection with its care of the patient, Kindred brought this ERISA action against the defendants. It now moves to conduct limited discovery. Regence and Cambia oppose any additional discovery.[1]

## LEGAL STANDARD

In most civil cases, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case." Fed. R. Civ. P. 26(b)(1). This broad discovery is circumscribed in ERISA cases "[b]ecause the interest in both maintaining costs at a reasonable level and allowing for the prompt and fair resolution of claims, discovery [in an ERISA case] simply cannot be as broad and

---

[1] The Winco defendants did not submit a substantive opposition to this motion but explain that they have produced relevant discovery to the extent they are able. *See* Dkt. 62.

overreaching as in other types of cases." *Waggener v. UNUM Life Ins. Co. of Am.*, 238 F. Supp. 2d 1179, 1185 (S.D. Cal. 2002).

The "primary goal of ERISA [is]. . . to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Boyd v. Bert Bell/ Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). To balance this goal with the need for some discovery, courts within the Ninth Circuit generally permit "limited discovery for information outside the administrative record only if relevant to show that the plan or claim administrator (1) was operating under a conflict of interest, or (2) failed to follow a procedural requirement of ERISA that prevented the full development of the administrative record." *Walker v. AT&T Benefit Plan No. 3*, 338 F.R.D. 658, 662 (C.D. Cal. 2021). As such, in order to open the door to any limited discovery, Kindred "must proffer some objective facts from which the Court can plausibly infer the existence of conflict of interest sufficient to justify proportional discovery about that conflict." *Id.* at 663.

## ANALYSIS

### A.  Motion for Discovery

Kindred moves for leave to conduct limited discovery. Although framed slightly differently throughout the motion, Kindred appears to request discovery

into six topics: (1) "Regence's relationship with the Plan and whether Regence has complete and final discretionary authority or whether the Plan and/or WinCo retain some such authority"; (2) "[w]hether the Plan has reinsurance and, if so, who the reinsurer is and whether the reinsurer has any input into benefit decisions"; (3) "[t]he identities and qualifications of" the medical reviewers; (4) the Blue Card Program; (5) the appeal panel minutes, and (6) "[d]efendants' assertions of privilege." *Motion* at 6, Dkt. 49-5. Regence and Cambia oppose any discovery. The Court will address each topic in turn.

### 1. Regence's Relationship to the Plan

Kindred requests leave to conduct discovery into the relationship between Regence and the Plan to determine the appropriate standard of review. In ERISA cases, the standard of review, either de novo or abuse of discretion, turns on whether a plan has granted discretion to the plan administrator. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). "De novo is the default standard of review." *Id*. It applies when "a plan does not confer discretion on the administrator 'to determine the eligibility for benefits or to construe the terms of the plan[.]'" *Id.* (quoting *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). In contrast, where a "plan *does* confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of

MEMORANDUM DECISION AND ORDER - 4

discretion." *Id.* (emphasis in original). To shift the standard of review "to the more lenient abuse of discretion" standard, the grant of discretionary authority must be unambiguous. *Id.* Logically then, "the first step . . . is to examine whether the terms of the ERISA plan unambiguously grant discretion to the administrator." *Id.*

Regence and Cambia argue that no additional discovery is necessary because the Plan contains an unambiguous delegation of authority. Section 2 of the Plan provides:

> **2.1 Authority of the Administrator**
> The Administrator shall have the exclusive right to interpret the Plan and to decide all matters arising under the Plan, including determinations regarding eligibility for benefits, construction of the terms of the Plan, and resolution of possible ambiguities, inconsistencies, or omissions. All determinations of the Administrator with respect to any matter on which it has the power, duty, and/or authority to act shall be made by it in its sole discretion and shall be conclusive and binding on all persons.
> In addition, the Administrator may:
> A. Prescribe such forms, procedures, and policies as may be necessary for efficient Plan administration.
> B. Designate other persons to carry out any of its duties or powers and employ the services of such persons as it may deem necessary or desirable in connection with the operation of the Plan.
>
> **2.2 Delegation of Claims Review Fiduciary Authority**
> The Plan Sponsor has delegated to the designated Contract Administrator its discretionary authority with respect to making and reviewing benefit claims determinations. As a claims review Fiduciary, the Contract Administrator has sole discretionary authority to determine the availability of benefits and to interpret, construe, and administer the applicable terms of the Plan. Its determinations shall be conclusive and binding subject to the Appeals process set forth in Section 23.

MEMORANDUM DECISION AND ORDER - 5

Def. Ex. D, Dkt. 58.

Kindred, however, argues that the terms of the Administrative Services Agreement, or ASA for short, conflict with what appears to be a complete delegation of authority in the Plan. Specifically, the ASA, provides:

> the Parties acknowledge and agree that Regence is acting solely in a ministerial capacity in performing Regence's duties and obligations under this Agreement and will have no discretionary authority or responsibility with respect to the administration of the GHP. . . . Regence will have no discretionary authority and instead the Plan Administrator will have the ultimate responsibility with interpreting and administering the provisions of the GHP. Regence will abide by all decisions of the Plan Administrator on all questions of substance and procedure concerning the GHP. Regence is not the plan administrator under ERISA. . . .

*Reply* Ex. 1 at 6, Dkt. 69. According to the ASA, Winco Holdings is the plan administrator and the plan sponsor. *Id* at 1, 5. And the terms of the ASA "govern over any conflicting or inconsistent terms in the Plan Document or SPD or booklet." *Id.* at 8. Not only do these provisions call into question the discretionary grant of authority to Regence in the Plan, it also suggests a structural conflict may exist, warranting limited discovery. As such, Kindred may conduct discovery into this topic.

### 2. Existence of Reinsurance & Documentation Concerning Regence's Compensation from the Plan

Next, Kindred argues it is entitled to information about whether the Plan has reinsurance and, if so, who the reinsurer is and their input, if any, into benefit

**MEMORANDUM DECISION AND ORDER - 6**

decisions. Kindred explains this discovery relates to whether there is a conflict of interest. As outlined at the outset, limited discovery may be permissible when it is relevant to show the administrator was operating under a conflict of interest. Despite Regence and Cambia's protestations otherwise, discovery is not limited to "structural" conflicts of interest where the plan administrator is also the funding source. *Walker*, 338 F.R.D. at 662. That said, to obtain limited discovery, Kindred "must proffer some objective facts from which the Court can plausibly infer the existence of a conflict of interest sufficient to justify proportional discovery about that conflict." *Id.* at 663.

Kindred argues it has met this threshold by showing a plausible financial conflict of interest. Kindred's theory is that Regence has a financial interest in the Plan's administration because it contacted Kindred before denying the claim and knew the patient would be high cost. A.R. 6773, 6831–32, Dkt. 51. Regence receives significant compensation for its work on the plan, so it is motivated to keep costs low. Pl.'s Ex. 2 at 3, Dkt. 49-7; Pl.'s Ex. 3 at 3, Dkt. 49-7. This showing, in conjunction with the above showing indicating a potential structural conflict of interest, is sufficient to warrant limited discovery about a potential financial conflict of interest. *See TML Recovery, LLC v. Cigna Corp.*, No. 8:20-cv-00269-DOC-JDE, 2023 WL 2683128, at *3–4 (C.D. Cal. Feb. 21, 2023).

**MEMORANDUM DECISION AND ORDER - 7**

Accordingly, Kindred may conduct discovery into the Plan's reinsurance.

### 3. Identities and Qualifications of Medical Reviewers

Kindred argues it is entitled to the identities and qualifications of the physicians who reviewed the medical necessity of the plaintiff's care. Indeed, ERISA regulations are clear that "claim procedures. . . will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless," the Plan provides "the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon." 29 C.F.R. § 2560.503-1(h)(3)(iv). The failure to provide this information constitutes a failure to follow a procedural requirement of ERISA that prevented the full development of the administrative record. As such, Kindred is entitled to discovery on this subject.

### 4. Blue Card Program

Kindred also seeks limited discovery into the Blue Card Program. It argues Regence and Cambia have raised an affirmative defense by arguing that the anti-assignment provision precludes recovery. Kindred explains that discovery is warranted because the only reason provided for denying benefits was the lack of medical necessity, so the affirmative defense does not arise out of a benefits

**MEMORANDUM DECISION AND ORDER - 8**

determination.

The Court agrees that Kindred is entitled to the discovery on the Blue Card Program. This defense is based on material plainly not in the administrative record. As a matter of fairness, Regence and Cambia should not be able to argue that, based on the Blue Card Program, they had no role in the denying the claim without producing information about the Blue Card Program to support this claim. This information is also relevant to the presence, or absence, of a conflict of interest because if, as Regence and Cambia claim, it did not deny the claim then there should no conflict of interest. If, however, the opposite is true then questions about a conflict of interest remain. Accordingly, Kindred may conduct limited discovery into the Blue Card program.

### 5. Appeal Panel Minutes and Material

Kindred also seeks any minutes from the Appeal Panel Meetings from January 30, 2020 and March 21, 2022 as well as the documents sent to the panel, any communications among the panel, and any notes or agendas. Pl.'s Ex. 1 at 7, Dkt. 49-1. It argues this material should be part of the administrative record and its absence presents a procedural irregularity for which limited discovery is permitted. *See Walker*, 338 F.R.D. at 662. "In the ERISA context, the 'administrative record' consists of 'the papers the insurer had when it denied the claim.'" *Montour v.*

**MEMORANDUM DECISION AND ORDER - 9**

*Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 632 n. 4 (9th Cir. 2009) (quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1086 (9th Cir. 1999) (en banc)).

As a general matter, it appears appeal panel minutes and associated documents are usually part of the administrative record. *See Moos-Holling v. Bayer Corp. Disability Plan*, No. C 07-06420 SI, 2009 WL 192591, at *8 (N.D. Cal. Jan. 26, 2009) ("Plaintiff makes much of the fact that the original administrative record filed by Bayer did not [include]. . . the minutes of the meeting at which her appeal was denied. Bayer, however, provided this information to plaintiff in response to a discovery request."); *Beckner v. American Ben. Corp.*, No. 3:06-0184, 2007 WL 130321, at *1 (S.D. W.Va. Jan. 16, 2007) (citing to appeal minutes). Regence and Cambia do not suggest that this material should not be a part of the administrative record. This material, then, should be provided to Kindred. Accordingly, Kindred's motion for discovery is granted as to the appeal panel minutes and associated information.

### 6. Assertions of Privilege

Regence and Cambia indicate they are not withholding any documents on the basis of privilege, rendering this request moot. Dkt. 57 at 19. Consistent with normal discovery procedures, if they do withhold any documents on this basis, they must produce a privilege log consistent with Rule 26(b)(5)(A).

**MEMORANDUM DECISION AND ORDER - 10**

**B.     Requests for Judicial Notice and Evidentiary Objections**

Kindred asks the Court to take judicial notice of four documents: (1) excerpts of Winco Foods Employee Benefit Plan's Form 5500 for 2018, (2) excerpts of Winco Foods Employee Benefit Plan's Form 5500 for 2019; (3) the Order Adopting Report of Examination as of December 31, 2017; (4) Cambia Health Solution Inc's website. Dkt. 68.[2] Of this material, the Court only relied on the Form 5500 filings in reaching its decision, so it will only resolve the motion as to those documents and will deem the motion moot with respect to the other requests for judicial notice.

Judicial notice of a fact is appropriate when the fact is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be requestions." Fed. R. Evid. 201(b). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja v. Orexigen*

---

[2] Kindred filed two requests for judicial notice, *see* Dkts. 68 and 77, however, the second request relates to documents filed in support of its opposition to summary judgment. Because the motion for summary judgment has been resolved, the Court deems the request for judicial notice filed as Dkt. 77 moot. The same is true of Regence and Cambia's evidentiary objections. *See* Dkt. 82-3.

**MEMORANDUM DECISION AND ORDER - 11**

*Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).

Relevant here, courts may take judicial notice of "public record[s] downloaded from a public agency's official website." *Los Alamitos Med. Ctr. v. Local Initiative Health Authority for Los Angeles*, 680 F. Supp. 3d 1169, 1174 (C.D. Cal. 2023). The Form 5500 filings are filed with the U.S. Department of Labor and are documents of public record subject to judicial notice. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp, Inc.*, 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015) (taking judicial notice of Form 5500 filings). The Court will, therefore, take judicial notice of the existence of these documents. Importantly, "by taking judicial notice of these documents at this time the Court in now way intends to make any determination as to the truth of any facts alleged or otherwise asserted in the documents themselves." *Id.* (quoting *In re UnumProvident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 875 (E.D. Tenn. 2005)).

Regence and Cambia raise several objections to the request for judicial notice, however, most of those arguments are relevant only to the motion for judicial notice in connection with Kindred's opposition to summary judgment. To the extent any objections are relevant here, none of them require denying the motion. Accordingly, Kindred's motion to take judicial notice is granted as to the

Form 5500s and deemed moot as to all other documents.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Limited Discovery (Dkt. 49) is **GRANTED**.

2. Plaintiff's Motion to Take Judicial Notice (Dkt. 68) is **GRANTED IN PART AND DEEMED MOOT IN PART.**

3. The parties shall meet and confer and, within 14 days of the entry of this order, submit a proposed amended scheduling order setting a deadline for the close of discovery.

DATED: June 2, 2025

B. Lynn Winmill
U.S. District Court Judge